IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:18-CR-00025 (NKM) |
| v. | |
| MICHAEL PAUL MISELIS | |

## GOVERNMENT'S NOTICE OF APPEAL AND
## EMERGENCY MOTION TO STAY ORDER FOR PRETRIAL RELEASE

Comes now the United States of America, by and through the undersigned counsel, pursuant to Title 18, United States Code, Section 3145(a)(1), hereby appeals the October 10, 2018, pretrial release order of the Magistrate Judge of the United States District Court for the Central District of California. The United States moves the Court to stay the defendant's pretrial release order pending further proceedings in the Western District of Virginia, where the defendant has been indicted for his role in a conspiracy to violate the federal riots statute, and a substantive violation of the same, for his membership and association with a white supremacist group that committed acts of violence in Charlottesville during the weekend of August 11-12, 2017.

The Government asks the Court to order the United States Marshals Service to bring the defendant to Charlottesville, Virginia for further proceedings in this matter and to set a schedule for any further submissions from the parties on the issue of the defendant's pretrial release or detention. To allow time for this Court to act, the Magistrate Judge stayed her release order in the Central District of California until October 12, 2018 at 5:00pm (PST).

1

## PROCEDURAL HISTORY

On October 2, 2018, the defendant was arrested in the Central District of California on a criminal complaint issued by the Western District of Virginia charging one count of Conspiracy to Commit Riots, in violation of 18 U.S.C. § 371, and one count of Riots, in violation of 18 U.S.C. § 2101. Three of his co-defendants were also arrested on the same day at various locations throughout California. The criminal complaint stemmed from crimes that he and his co-defendants and co-conspirators committed throughout 2017 and culminating the weekend of August 11-12, 2017 in Charlottesville, Virginia.

On October 2, 2018, the United States moved to detain the defendant pursuant to 18 U.S.C. § 3142, and the defendant challenged the United States' motion for detention. At the conclusion of the hearing held in the Central District of California, the Magistrate Judge found that the defendant was a danger to the community under § 3142(e) and ordered him detained pending trial. Defendants Gillen and Daley were also found to be a danger to the community under § 3142(e) and were ordered detained pending trial. Defendant White's detention hearing has been continued to Friday, October 12, 2018 at 4:30pm, and he remains in custody.

After his detention hearing, counsel for Defendant Miselis requested a bond review hearing, which occurred before the same magistrate judge in Central District of California on October 10, 2018. After offering a secured bond and other conditions, the magistrate judge reversed her previous decision and granted the defendant bond. However, the magistrate judge stayed the release order until Friday, October 12, 2018, at 5:00 p.m. to provide time for this Court to act on the instant notice of appeal and motion to stay. The magistrate judge also allowed the defendant until Friday, October 19, 2018, to file the paperwork to secure the bond, and ordered the defendant detained until that paperwork is completed.

The United States immediately filed this notice of appeal and asks this Court, pursuant to 18 U.S.C. § 3145(a)(1), to stay the release order to allow this Court to make a final determination as to the defendant's pretrial detention.

FACTUAL BACKGROUND

On August 12, 2017, a "Unite the Right" rally (UTR) was scheduled to be held at Emancipation Park in Charlottesville, Virginia. The proclaimed purpose of the rally was to protest the removal of the Robert E. Lee and Thomas "Stonewall" Jackson statues in Charlottesville. Several groups and individuals espousing right-wing nationalist and/or white supremacist views traveled to Charlottesville to attend the rally in support.

On the evening of August 11, 2017, the night before the UTR rally of August 12, many of these groups and individuals participated in an unsanctioned torch-lit march occurred on the grounds of the University of Virginia, which is located in Charlottesville and in the Western District of Virginia. Hundreds of participants marched through a portion of the University of Virginia's grounds, carrying torches and shouting, for example, "Jews will not replace us!" "Blood and Soil!" and "White Lives Matter!" The torch-lit march culminated at a statue of Thomas Jefferson located at the base of the University of Virginia's Rotunda, where the march participants surrounded a small group of students and community members who had joined around the statue in counter-protest. Several students held a banner that read: "VA Students Act Against White Supremacy." After surrounding the smaller group of students and counter-protestors, the participants of the torch-lit march pressed in closer towards them. Moments later, violence erupted among the hundreds of people present.

The next day, on August 12, 2017, the UTR rally was scheduled to begin at noon. That morning, individuals and groups espousing white supremacist and white nationalist beliefs

3

funneled into Emancipation Park. Numerous counter-protestors attended the rally to oppose the rally and its supporters. Throughout the morning, numerous violent encounters occurred between white-supremacist protestors and counter-protestors. Before the UTR rally could officially begin, law enforcement declared an unlawful assembly and cleared Emancipation Park.

Among the most violent individuals present in Charlottesville on August 11-12, 2017 were at least four members and associates of the "Rise Above Movement," (RAM) a militant white-supremacist organization based in Southern California, who had traveled to Charlottesville with the intent to encourage, promote, incite, participate in, and commit violent acts in furtherance of a riot, as that term is defined by 18 U.S.C. § 2102.

Charlottesville, however, was not their first foray into committing acts of violence at purported political rallies. In fact, each defendant has previously committed acts of violence at other purported political rallies, to include Berkeley, San Bernardino, and/or Huntington Beach, California. For their actions, which are detailed in the *Affidavit in Support of Criminal Complaint* (*United States v. Daley, et. al*, Western District of Virginia, Criminal No. 3:18cr24-27), and in the *Indictment* (*United States v. Daley, et. al,* Criminal No. 3:18 CR 00025), the defendants have been charged with two counts: one count of conspiracy to violate 18 U.S.C. § 2101, in violation of § 371, and one count charging a substantive violation of § 2101 for the weekend of August 11-12, 2017 in Charlottesville.

At a hearing on the matter before this Court, the government intends to show as to the defendant that no "condition or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community." 18 U.S.C. § 3142(e). Moreover, all four § 3142(g) factors weigh in favor of pretrial detention, including (1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person;

4

(3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## LEGAL STANDARDS

A. **This Court is the sole court with authority to review the magistrate judge's release order and may stay that order.**

Section 3145 of Title 18, United States Code, provides:

> (a) Review of a release order. If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court –(1) the attorney for the Government may file, <u>with the court having original jurisdiction over the offense</u>, a motion for revocation of the order or amendment of the conditions of release . . . .

18 U.S.C. § 3145(a)(1)(emphasis added). The circuit courts that have reviewed this provision of the Bail Reform Act have concluded that the phrase "the court having original jurisdiction over the offense" refers solely to a court in the district where the charge(s) is pending against the defendant. The courts have further held that only a district court judge in that district, and no one else, has the authority to review the release order. See <u>United States v. Cisneros</u>, 328 F.3d 610, 615-16 (10th Cir. 2003) (the court having "original jurisdiction over the offense" is "the district . . . in which the prosecution is pending"; the government's "motion should be considered and ruled upon in the first instance by a district judge in the court of original jurisdiction"); <u>United States v. El-Edwy</u>, 272 F.3d 149, 152-54 (2d Cir. 2001) ("With respect to the decision whether to detain or conditionally release the defendant, however, section 3145(a) makes clear that the ultimate authority lies with the district that has the primary in the question – the district in which the prosecution is pending"); <u>United States v. Torres</u>, 86 F.3d 1029, 1031 (11th Cir. 1996) ("The plain language of 3145 dictates that the district court with original jurisdiction over the offense, *i.e.*, the

5

prosecuting district . . . is the only proper one to review the order in question"); United States v. Evans, 62 F.3d 1233, 1235-38 (9th Cir. 1995).

Implicit in this review authority granted in 18 U.S.C. § 3145(a) is the authority to maintain the status quo so as not to create the potential for flight or danger if a defendant is released pending review. As one court has stated in holding that a district court judge has the authority to stay a magistrate judge's release order pending a government motion under § 3145(a), "Requiring release pending review by the district court could frustrate the very purpose of review . . . There is nothing . . . to suggest that Congress intended to deny the district court a reasonable opportunity to inform and exercise its discretion . . . " United States v. Huckaby, 707 F. Supp. 35, 37 (D. Maine 1989). Indeed, that is why the statute requires review to occur "promptly." Id. Moreover, the magistrate judge in the district of arrest must defer to this Court's stay order. See e.g., United States v. Acheson, 672 F.Supp. 577 (D.N.H. 1987).

### B. Standard of Review

"When the district court acts on a motion to revoke or amend a magistrate judge's pretrial [release] order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001); United States v. Luisa, 266 F. Supp.2d 440, 445 (W.D.N.C. 2003).

## CONCLUSION

For the foregoing reasons, the Court should stay the magistrate judge's release order pending this Court's resolution of the government's motion to revoke, and order that the defendant be removed to the Western District of Virginia for a hearing on this matter.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney
for the Western District of Virginia


/s/ Christopher R. Kavanaugh
Christopher R. Kavanaugh
Assistant United States Attorney
U.S. Attorney's Office
255 W. Main Street
Charlottesville, VA 22902
(434) 293-4283
christopher.kavanaugh@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2018, I electronically filed the foregoing Motion and Proposed Order with the Clerk of the Court using the CM/ECF System, which will send notice, and constitute service, of such filing to counsel of record.

/s/
Christopher R. Kavanaugh
Assistant United States Attorney