CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
12/06/2018
JULIA C. DUDLEY, CLERK
BY: /s/ H. Wheeler
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICHAEL PAUL MISELIS,<br><br>*Defendant.* | CASE NO. 3:18-cr-00025<br><br>**ORDER**<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon the Government's appeal of a pretrial release order issued with respect to Defendant Michael Miselis. (Dkt. 16). On October 10, 2018, Miselis was indicted in the Western District of Virginia on one count of conspiracy to commit an offense against the United States under 18 U.S.C. § 371 and one count of travel to incite riots under 18 U.S.C. § 2101. (Dkt. 8). Defendant had an initial appearance in the Central District of California before United States Magistrate Judge Jean Rosenbluth. On October 10, 2018, Judge Rosenbluth ordered Miselis released pending trial on $350,000 bond. (Dkt. 19-7 at 1–2).

The Government appealed Judge Rosenbluth's pretrial release order to this Court pursuant to 18 U.S.C. § 3145(a)(1), which provides that "[i]f a person is ordered released by a magistrate judge . . . the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." In acting on such a motion, the court with original jurisdiction over the offense reviews the magistrate judge's order *de novo*, making an "independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 47 (4th Cir. 2001). In considering whether to detain a person pending trial, the Court must consider several statutory factors, including (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the

person's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings"; and (4) the nature and seriousness of the danger to any person or the community. *See* 18 U.S.C. § 3142(g). The Government bears the burden of establishing, by a preponderance of the evidence, that no "condition or combination of conditions" set forth in § 3142(g) "will reasonably assure the appearance [of the defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). *See also Stewart*, 19 F. App'x at 48; *United States v. Mallory*, 268 F.Supp.3d 854, 861 (E.D. Va. 2017).

The Court heard argument on this matter on December 3, 2018. (Dkt. 62). Having considered the record and the parties' arguments in light of the statutory factors set forth in § 3142(g), the Court finds that no condition or combination of conditions of release would reasonably assure the appearance of the Defendant and the safety of any other person and the community. The Court finds that the Government proved by a preponderance of the evidence that the Defendant travelled on at least three occasions with the purpose of committing violence at rallies in California and Charlottesville, Virginia; that Defendant did in fact engage in acts of violence at those rallies; that Defendant belongs to the "Rise Above Movement" ("RAM"), a radical white supremacist organization that spreads its message via the Internet and has pursued its message through violence; and that Defendant has travelled internationally to Germany, Italy, and Ukraine to meet with other members of RAM and/or members of other similarly situated groups. The Government appears to have substantial evidence against the Defendant, including video and photographic evidence from the three rallies in question, the Defendant's text messages, and the Defendant's travel records.

Given the Defendant's pattern of travel with the purpose of committing violence and the weight of the evidence against the Defendant, the Court finds that no condition or combination of conditions of release would reasonably assure the Defendant's appearance and the safety of any other person and the community. Accordingly, the Government's appeal of the pretrial release order, (dkt. 16), is **GRANTED**. The Defendant is hereby **ORDERED** committed to the custody of the Attorney General or his designated representative for confinement pending trial of this matter on January 14–18, 2019.

To the extent practicable, the Defendant is to be confined in a corrections facility separate from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunities for private consultation with counsel. Upon an order of this Court or a request by an attorney for the United States, the Defendant is to be released to the U.S. Marshal Service for the purpose of court appearances.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this Order to Defendant and all counsel of record.

Entered this __6TH__ day of December, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE