```
                 IN THE UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF VIRGINIA
                      CHARLOTTESVILLE DIVISION


****************************************************************
UNITED STATES OF AMERICA,

         Plaintiff,         CRIMINAL CASE NO.: 3:18-CR-25-2
                            May 3, 2019
                            Charlottesville, Virginia
                            Guilty Plea Hearing
   -v-

MICHAEL PAUL MISELIS,          Before:
                            THE HONORABLE NORMAN K. MOON
                            UNITED STATES DISTRICT JUDGE
         Defendant.         WESTERN DISTRICT OF VIRGINIA


****************************************************************


APPEARANCES:

For the Government:

    CHRISTOPHER ROBERT KAVANAUGH, ESQUIRE
    United States Attorneys Office
    255 West Main Street, Room 130
    Charlottesville, Virginia  22902
    434-293-4283
    christopher.kavanaugh@usdoj.gov

    THOMAS T. CULLEN, ESQUITE
    United States Attorneys Office
    310 First Street, SW, Suite 906
    Roanoke, Virginia  24011
    540-857-2901
    thomas.cullen@usdoj.gov


_____

              Mary J. Butenschoen, RPR, CRR
              Federal Official Court Reporter
                    Roanoke, Virginia

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY; TRANSCRIPT
PRODUCED BY COMPUTER.
```

```
1    APPEARANCES (Continued):

2    For the Defendant:

3         WARREN EUGENE COX, ESQUIRE
          CoxFedLaw, LLC
4         422 1st Street
          Shenandoah, Virginia  22849
5         540-742-5385
          genecox@coxfedlaw.com
6    ///
```

```
1     (Proceedings commenced 10:00 a.m.)
2              THE COURT:  Good morning.  Call the case, please.
3              THE CLERK:  Yes, Your Honor.  This is Criminal
4     Action Number 3:18-cr-25, United States of America v. Michael
5     Paul Miselis, Defendant Number 2.
6              THE COURT:  Government ready?
7              MR. KAVANAUGH:  Yes, we are, Your Honor.
8              THE COURT:  Defendant ready?
9              MR. COX:  Yes, Your Honor.
10             THE COURT:  All right.  I'll ask your defendant to
11    stand and be sworn.
12             THE CLERK:  Please raise your right hand.
13                  MICHAEL PAUL MISELIS, SWORN
14             THE COURT:  Will you state your full name, please?
15             Remaining standing and please state your full name.
16    State your full name.
17             THE DEFENDANT: Oh, sorry.  Michael Miselis.
18             THE COURT:  And the date of your birth?
19             THE DEFENDANT: October 13, 1988.
20             THE COURT:  And how far did you go in school?
21             THE DEFENDANT: The seventh year of my Ph.D.
22    program.
23             THE COURT:  Are you able to read and understand
24    English?
25             THE DEFENDANT: Yes.
```

1              THE COURT: Are you currently or have you recently
2     been under the care of a physician or a psychiatrist?
3              THE DEFENDANT: No, Your Honor.
4              THE COURT: Have you been hospitalized or treated
5     for narcotic addiction?
6              THE DEFENDANT: No, Your Honor.
7              THE COURT: Are you presently under the influence of
8     any drug or medication or alcoholic beverage of any kind?
9              THE DEFENDANT: No, Your Honor.
10             THE COURT: And how do you feel physically today?
11             THE DEFENDANT: Well, Your Honor.
12             THE COURT: All right. Have you received a copy of
13    the indictment?
14             THE DEFENDANT: Yes, Your Honor.
15             THE COURT: And have you had ample time to consult
16    with your attorney?
17             THE DEFENDANT: Yes, Your Honor.
18             THE COURT: Do you want the indictment read or will
19    you waive its reading?
20             THE DEFENDANT: I'll waive it, Your Honor.
21             THE COURT: And how do you plead to the charge?
22             THE DEFENDANT: Guilty, Your Honor.
23             THE COURT: All right. I find the defendant is
24    competent to plead, but before accepting your guilty plea
25    there are a number of questions I will ask you to assure that

the plea is valid. If you do not understand any of the questions or if at any time you wish to consult with your attorney, say so because it is essential that you understand each question before you answer.

First, do you understand that you're now under oath and if you answer any of my questions falsely your answers may later be used against you in another prosecution for perjury or making a false statement?

THE DEFENDANT: I understand.

THE COURT: I'm sorry, I didn't hear you.

THE DEFENDANT: I understand, Your Honor.

THE COURT: Okay. Are you fully satisfied with the counsel, representation, and advice given you in this case by your attorney?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And do you understand that under the constitution and laws for the United States you are entitled to a trial by jury on the charges contained in the indictment?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand at that trial you would be presumed to be innocent and the government would be required to prove you guilty by competent evidence and beyond a reasonable doubt, and you would not have to prove that you were innocent?

THE DEFENDANT: Yes, Your Honor.

1    THE COURT: And do you understand that in the course
2    of the trial the witnesses for the government would have to
3    come to court and testify in your presence, your counsel could
4    cross-examine those witnesses, object to evidence offered by
5    the government, and offer evidence on your behalf?
6         THE DEFENDANT: Yes, Your Honor.
7         THE COURT: And do you understand that while you
8    would have the right to testify, if you chose to do so, you
9    would also have the right not to testify, and no inference or
10   suggestion of guilt could be drawn from the fact you did not
11   testify?
12        THE DEFENDANT: Yes, Your Honor.
13        THE COURT: If you plead guilty and I accept your
14   plea, do you understand you will waive your right to a trial
15   and the other rights I've just discussed, there will be no
16   trial, and I will enter a judgment of guilty and sentence you
17   on the basis of your guilty plea after considering a
18   presentence report?
19        THE DEFENDANT: Yes, Your Honor.
20        THE COURT: You may have a seat, and I'm going to
21   ask the Assistant United States Attorney to summarize the
22   elements the government must prove beyond a reasonable doubt
23   and also state what the punishment is for such cases.
24        MR. KAVANAUGH: Good morning, Your Honor. As far as
25   the maximum penalty that the defendant is facing for a plea of

1   guilty in this case, the maximum penalty for a plea to 18
2   U.S.C. 371, which is what is charged in Count One and the
3   Count One to which the defendant is pleading guilty, is a fine
4   of up to $250,000, a maximum five-year term of imprisonment, a
5   $100 mandatory special assessment, and three years of
6   supervised release.
7           The elements of a violation of 18 U.S.C. 371, that
8   is, conspiracy, has two elements:
9           The first is that the defendant agreed with at least
10  one other person to engage in -- reached an agreement which
11  had an unlawful objective.  In this case, that unlawful
12  objective would be to engage in conduct that violated 18
13  U.S.C. 2101, or the federal riot statute.
14          The second element of 371 is that at some point in
15  time after reaching that agreement and during the course of
16  the conspiracy, that the defendant or one of his
17  co-conspirators made at least one overt act in furtherance of
18  achieving that objective.
19          The elements of 18 U.S.C. 2101 are also twofold:
20          The first is that a person traveled in interstate
21  commerce or used a facility of interstate commerce with intent
22  to incite a riot, organize, promote, encourage, participate
23  in, or carry on in a riot, commit any act of violence in
24  furtherance of a riot, or to aid and abet any person in
25  inciting or participating or carrying on in a riot, or

1  committing any act of violence in furtherance of a riot.
2          The second element is that during the course of such
3  travel or use of facility of interstate commerce, or at some
4  point thereafter, performs or attempts to perform any overt
5  act for one of those four purposes, as just mentioned, as well
6  as provided under the statute.
7          THE COURT: All right, thank you. If you would
8  stand again, please.
9          Do you understand what the government must prove
10 beyond a reasonable doubt before you could be found guilty?
11         THE DEFENDANT: Yes, Your Honor.
12         THE COURT: And do you understand the range of
13 punishment provided by law for such cases?
14         THE DEFENDANT: Yes, Your Honor.
15         THE COURT: Do you understand that the Court will
16 impose a special assessment of $100?
17         THE DEFENDANT: Yes, Your Honor.
18         THE COURT: Have you and your attorney talked about
19 how the Sentencing Commission Guidelines might apply to your
20 case?
21         THE DEFENDANT: Yes, I believe so.
22         THE COURT: Do you understand that the Court will
23 not be able to determine the sentence for your case until
24 after a presentence report has been completed and you and the
25 government have had an opportunity to challenge the facts

1  reported by the probation officer?
2  THE DEFENDANT: Yes, Your Honor.
3  THE COURT: Do you understand that the judge has the
4  authority to impose a sentence that is more severe or less
5  severe than the sentence called for by the guidelines provided
6  the judge acts in accordance with the law and the evidence in
7  your case?
8  THE DEFENDANT: Yes, Your Honor.
9  THE COURT: And do you understand that parole has
10 been abolished and if you are sentenced to prison you will not
11 be released on parole?
12 THE DEFENDANT: Yes, Your Honor.
13 THE COURT: And do you understand that if the
14 sentence is more severe than you expected you will still be
15 bound by your plea and have no right to withdraw it?
16 THE DEFENDANT: Yes, Your Honor.
17 THE COURT: All right. There has been a plea
18 agreement, I take it?
19 MR. COX: Yes, Your Honor.
20 THE COURT: You may have a seat, and I'll ask
21 counsel to summarize the plea agreement.
22 MR. COX: Good morning, Your Honor.
23 Mr. Miselis has agreed to plead guilty to Count One
24 of the indictment, and in exchange the government has agreed
25 to dismiss Count Two of the indictment. And also in regard to

1   the sentencing guidelines the government -- if Mr. Miselis
2   complies with these obligations, the government will recommend
3   the Court grant a two-level reduction in the offense level and
4   then a one-level reduction in offense level for the guidelines
5   calculation.
6           And also, Your Honor, the government is allowing
7   Mr. Miselis to not waive his right to appeal the issue as to
8   whether 18 U.S.C. 2101 is unconstitutional.
9           And I believe that's the entire plea agreement, Your
10  Honor.
11          THE COURT:  He is waiving the right to appeal the
12  sentence and the -- everything except the constitutionality
13  question.
14          MR. COX:  That's right, Your Honor.
15          THE COURT:  And also the other things that are in
16  the plea agreement that --
17          MR. COX:  Yes, Your Honor.
18          THE COURT:  Ineffective assistance and --
19          MR. COX:  Yes, Your Honor.
20          THE COURT:  All right.  Would you stand again,
21  please.
22          I'm sorry.  Does the government have anything to
23  add?
24          MR. KAVANAUGH:  Thank you, Your Honor.  Just one --
25  two other things, is that the plea agreement does provide for

1   the agreement to certain guideline provisions, the aggravated
2   assault guideline, and enhancements for more than minimal
3   planning, as well as one for bodily injury.
4           The parties are free and understand that there may
5   be additional guideline provisions that apply, and they will
6   be free to argue those at sentencing.
7           And then last and finally is that there is a
8   completion of prosecution provision that is in the agreement
9   in which the government -- in this case represented by the
10  Western District of Virginia and the Central District of
11  California -- agree not to prosecute Mr. Miselis for any
12  additional violations of 18 U.S.C. 2101 for the conduct
13  included in the statement of offense, which is attached to the
14  plea agreement and is going to be tendered to the Court.
15          THE COURT:  All right, thank you.
16          Did you read and understand the agreement before you
17  signed it?
18          THE DEFENDANT:  Yes, Your Honor.
19          THE COURT:  And you have heard it discussed here in
20  the courtroom.  Did your counsel or the Assistant United
21  States Attorney say anything about the agreement that's
22  different from your understanding of the agreement?
23          THE DEFENDANT:  No, Your Honor.
24          THE COURT:  All right.  Other than the agreement,
25  has anyone made any promise or assurance to you in an effort

1 to induce you to plead guilty?
2 THE DEFENDANT: No, Your Honor.
3 THE COURT: Has anyone attempted to force you to
4 plead guilty?
5 THE DEFENDANT: No, Your Honor.
6 THE COURT: All right. With the exception of having
7 the right to appeal, the constitutional question in this case
8 and anything that's in the plea agreement, are you voluntarily
9 giving up your right to appeal the guilty verdict and sentence
10 in the case?
11 THE DEFENDANT: Yes, Your Honor.
12 THE COURT: All right. And are you voluntarily
13 giving up your right to collaterally attack the judgment as
14 set forth in the plea agreement?
15 THE DEFENDANT: Yes, Your Honor.
16 THE COURT: Okay. You may have a seat. And I'll
17 ask the government to proffer its evidence.
18 MR. KAVANAUGH: Your Honor, attached to the plea
19 agreement is a six-page document that is titled The Statement
20 of Offense. It is six pages and at the end has a -- bears the
21 signature of Mr. Miselis, his counsel, as well as the counsel
22 for the government in this case represented by myself as well
23 as Mr. Cullen.
24 We tender that as far as being the Statement of
25 Offense at what the evidence would prove if this went to trial

```
1    rather than read it word-for-word here in open court if that
2    is preferred by the Court.
3              THE COURT:  Okay.  The defendant agrees that the
4    statement is what you-all have agreed to the facts are?
5              MR. COX:  Yes, Your Honor.
6              THE COURT:  All right.  Thank you.
7              Would you stand again then, please.
8              How do you plead to the charge, guilty or not
9    guilty?
10             THE DEFENDANT:  Guilty.
11             THE COURT:  All right.  It's the finding of the
12   court the defendant is fully competent and capable of entering
13   an informed plea and that his plea of guilty is a knowing and
14   voluntary plea supported by an independent basis in fact
15   containing each of the essential elements of the offense.  His
16   plea is, therefore, accepted and he's now adjudged guilty of
17   that offense, which is Count One, I believe.
18             MR. COX:  That's correct.
19             MR. KAVANAUGH:  That is correct, Your Honor.
20             THE COURT:  I will order a presentence report, and
21   it is in your best interest to cooperate with the probation
22   officer in furnishing information for that report because it
23   will be important in my decision as to what your sentence will
24   be.  Your attorney may be present during any interview if you
25   so desire.  You and your counsel have a right and will have an
```

1  opportunity to review the report before the sentencing
2  hearing.  You will also have an opportunity to comment on the
3  report at the time of the hearing.  You and your counsel will
4  have an opportunity to speak on your behalf at the sentencing
5  hearing.
6         You may have a seat.  I'll ask the clerk to read the
7  guilty plea form, and it will be brought to you for execution.
8         THE CLERK:  This is Criminal Action Number
9  3:18-cr-25, *United States of America v. Michael Paul Miselis*,
10 Defendant Number 2.
11        In the presence of Warren Cox, my counsel, who has
12 fully explained the charges contained in the indictment
13 against me, and having received a copy of the indictment from
14 the United States Attorney before being called upon to plead,
15 I hereby plead guilty to said indictment and Count One
16 thereof.  I have been advised of the maximum punishment which
17 may be imposed by the Court for this offense.  My plea of
18 guilty is made knowingly and voluntarily and without threat of
19 any kind or without promises other than those disclosed here
20 in open court.
21        Is this correct?
22        THE DEFENDANT:  Yes.
23        THE CLERK:  The attorney needs to sign it.
24        The guilty plea form has been executed, Your
25 Honor.

1    THE COURT: All right. Do you have a date for
2    sentencing?
3    THE CLERK: July 19, Your Honor. Would you-all like
4    10:30 or 11?
5    MR. COX: I think we said July 17.
6    THE CLERK: 19th.
7    MR. COX: 19th, okay.
8    MR. KAVANAUGH: 10:30 is fine.
9    MR. COX: 10:30 is fine.
10   THE CLERK: 10:30.
11   THE COURT: Okay. Is that all in this case?
12   MR. KAVANAUGH: Your Honor, the Court's indulgence.
13   Your Honor, we also would tender the signed plea
14   agreement that governs this case as well as the signed
15   statement of offense, if I may provide those to Madam Clerk.
16   THE COURT: All right, thank you.
17   THE CLERK: Thank you.
18   THE COURT: All right. If there's nothing else, I
19   think counsel is here in the next case. Are you-all ready?
20   As soon as the next can be brought up, we'll proceed.
21   (The proceedings concluded at 10:17 a.m.)
22   ///
23
24
25

**CERTIFICATE**

I, Mary J. Butenschoen, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/S/ Mary J. Butenschoen, RPR, CRR                    1/9/2020